Christopher C. McNatt, Jr.
Cal. Bar No. 174559
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790
cmcnatt@scopelitis.com

Attorney for Defendant
PENSKE LOGISTICS, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON NANGLE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PENSKE LOGISTICS, LLC, a Delaware corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. '11CV0807 LAB JMA <br><br> **CLASS ACTION** <br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant, Penske Logistics, LLC, hereby removes this case from the Superior Court of San Diego County, California, to the U.S. District Court for the Southern District of California. In support of this removal, Defendant states as follows:

1.   **The Action**.  Plaintiff, Shannon Nangle, filed her Class Action Complaint for Damages captioned *Shannon Nangle, on behalf of herself and all others similarly situated v. Penske Logistics, LLC, a Delaware corporation, and Does 1 through 100, Inclusive, Case No. 37-2011-00086681-CU-OE-CTL* (the "*Class Action Complaint*"), in the Superior Court of San Diego County, California, on February 28, 2011. The *Class Action Complaint* asserts causes of action for (1) illegal deductions to wages in violation of Cal. Lab. Code §§ 221-222; (2) failure to pay overtime wages in violation of Cal. Lab. Code § 1194; (3) failure to comply with itemized employee wage statement provisions in violation of Cal. Lab. Code §§ 226(b), 1174, and 1175,

and IWC Wage Order 7-2001(7); (4) failure to timely pay wages due at termination in violation of Cal. Lab. Code § 203; and (5) violations of the unfair competition law in violation of Cal. Bus. & Prof. Code §§ 17200-17208.  Copies of all of the pleadings and papers filed in the Superior Court of San Diego County, California, of which Defendant is aware, are attached as *Exhibit A*.

  **2.**  **Statutory Grounds for Removal.** This action is removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453.  28 U.S.C. §§ 1441(a) provide for the removal of state court civil actions over which U.S. District Courts have original jurisdiction.  As is explained in greater detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states.  As such, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446 .

  **3.**  **Citizenship of the Parties.** Plaintiff alleges she is a resident of the State of California, *Class Action Complaint*, ¶ 7, and she is therefore a citizen of California.

  Defendant is a Delaware limited liability company with its principal place of business located in Pennsylvania, and is wholly owned by Penske Truck Leasing Co., LP.  Penske Truck Leasing Co., LP is a Delaware limited partnership with its principal place of business located in Pennsylvania.  It has one general partner and eight limited partners.  The general partner of Penske Truck Leasing Co., LP is Penske Truck Leasing Corporation, a Delaware corporation with its principal place of business in Pennsylvania.  The eight limited partners of Penske Truck Leasing Co., LP are (1) PTLC Holding Co., LLC, a Delaware limited liability company with its principal place of business in Delaware; (2) Logistics Holding Corp., a Delaware corporation with its principal place of business in Connecticut; (3) NTFC Capital Corporation, a Delaware corporation with its principal place of business in Connecticut; (4) RTLC Acquisition Corp., a

Delaware corporation with its principal place of business in Connecticut; (5) General Electric Credit Corporation of Tennessee, a Tennessee corporation with its principal place of business in Connecticut; (6) PTLC2 Holding Co., LLC, a Delaware limited liability company with its principal place of business in Delaware; (7) PTLC3 Holding Co., LLC, a Delaware limited liability company with its principal place of business in Delaware; and (8) Penske Automotive Group, Inc., a Delaware corporation with its principal place of business in Michigan. The sole member of the three PTLC Holdings Co., LLC's is Penske Truck Leasing Corporation, which, as stated above, is a Delaware Corporation with its principal place of business in Pennsylvania. Defendant is therefore a citizen of Delaware, Pennsylvania, Connecticut, Michigan and Tennessee.

Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Thus, Plaintiff and Defendant are citizens of different states, and the diversity requirements of both 28 U.S.C. §§ 1332(a)(1) and 1332(d)(2) are satisfied.

**4. The Aggregate Number of Proposed Class – 28 U.S.C. 1332(d)(5)(B)**. Plaintiff defines the proposed class to consist of

> "All of Defendant's current and former California-based drivers, specifically excluding drivers assigned to the Defendant's Whirlpool Account, who were (1) employed by Defendants (sic.) at any time four years prior to the filing of this action through the date of trial ("Relevant Time Period"); (2) were assigned to Defendants' (sic.) non-Whirlpool delivery accounts to work on an hourly basis; and (4) were subject to Defendants' (sic.) 30 minute automatic deduction policy."

*Class Action Complaint,* ¶ 16. Based on this allegation and from a review of its human resource records, Defendant has determined that the aggregate number of the proposed class is at least 544

drivers, which is more than the 100 members or greater required by 28 U.S.C. § 1332(d)(5)(B) . *See Declaration of Mark Sharman*, ¶ 2 ("*Sharman Decl.*"), attached hereto as *Exhibit B*.

     **5.**     **Amount in Controversy – 28 U.S.C. § 1332(d)(2).** Although Defendant denies all of Plaintiff's material allegations, the amount in controversy exceeds the $5,000,000 jurisdictional threshold to a legal certainty by virtue of the *Class Action Complaint's* allegations.

     a. <u>Illegal Wage Deductions</u>. Plaintiff asserts that Defendant's purported "practice and procedure to automatically deduct 30-minutes from total work time recorded" for 30-minute meal periods is an illegal wage deduction because "approximately 4 days per week" "duty free meal periods were [not] provided" resulting in a "loss of pay". *Class Action Complaint*, ¶¶ 27, 32. Plaintiff claims she and the putative class are entitled to, *inter alia*, recovery of amounts earned but unpaid on days when no meal break was taken but a 30-minute meal period deduction occurred anyway.

     A review of a report from Defendant's employment records indicates 544 drivers were employed as full-time drivers during the four-year statute of limitations period for a violation of Cal. Lab. Code §§ 221-22. *See Sharman Decl.*, ¶ 2. The weighted average wage for these full-time drivers over the past four years is $18.57, and the drivers combined to work at least 265,390 days over that period of time. *See id.* at ¶¶ 2-3. If, as Plaintiff alleges, she and the putative class are entitled to recover 30-minutes of wages for at least 4 out of every 5 days worked as alleged in Paragraph 27 of the *Class Action Complaint*, the recovery for the putative class would potentially be **$1,971,316.80** (($18.57 average hourly wage/2) x 265,390 days x 4/5).

     Moreover, Plaintiff claims that wages for both her and the putative class should be paid at overtime rates on qualifying shifts. *Class Action Complaint*, ¶ 35, *Prayer for Relief*, ¶ 7. A review of Plaintiff's quarterly pay statement summaries indicate she worked overtime hours, *i.e.*, had qualifying shifts, during 87% of her pay periods (89 of 102 pay periods). *Sharman Decl.*, ¶

6. Plaintiff claims her experience is typical of the putative class,[1] and the amount in controversy on this claim would therefore increase by 50% during 87% of the time she and the putative class worked, bringing the total amount in controversy based on the Class Action Complaint's allegations to **$2,828,839.60**. (($1,971,316.80 x (.50 overtime premium increase x .87 qualifying shifts)) + $1,971,316.80)**.**

    b. <u>Waiting Time Penalties</u>. Plaintiff assert she and the putative class are also entitled to penalties for Defendant's alleged failure to "pay its employees all wages due with in 72 hours of termination of employment." *Class Action Complaint*, ¶ 44. According to Defendant's human resource records there are 185 full-time hourly non-Whirlpool California based drivers who ceased employment with Defendant between February 28, 2008 and April 1, 2011. *Sharman Decl.*, ¶ 5. Plaintiff seeks the maximum penalty of continued compensation of up to 30 days of work, *see* Cal. Lab. Code § 203, and the putative class would therefore potentially be entitled to **$831,612.00** (185 former putative class members x $18.73 weighted average hourly rate over past three years x 8 hours per day[2] x 30 days) based on the *Class Action Complaint's* allegations.

    b. <u>Itemized Wage Statements</u>. Plaintiff also asserts she and the putative class are entitled to penalties for Defendant's alleged failure to provide drivers with itemized wage statement pursuant to Cal. Lab. Code § 226. *See Class Action Complaint*, ¶¶ 37-42. For this claim, Plaintiff seeks the greater of actual damages or a $50 penalty for the initial pay period in which a violation occurred and a $100 penalty for each violation in a subsequent pay period, up to a maximum aggregate penalty of $4,000. *Id.* at ¶ 42. Defendant's records indicate that of the 349 full-time hourly non-Whirlpool California based drivers employed by the Defendant during the one-year statute of limitations period applicable to penalties in California, 302 drivers worked 41 or more weeks, were paid weekly, and would presumably seek the maximum $4,000 penalty,

---

[1] *See Class Action Complaint*, ¶ 27.

[2] The human resource records relied upon for this calculation included only full-time, hourly, non-Whirlpool California-based employee drivers.

while the remaining 47 drivers who worked between 1 to 40 weeks and were paid weekly would presumably be entitled to between $50 and $3,950 in penalties depending on the number of weeks worked. *See Sharman Decl.*, ¶ 4. Consequently, Plaintiff seeks a total of $**1,313,250.00** on behalf of the putative class through her itemized wage statement claim based on the *Class Action Complaint's* Allegations. This figure is derived by adding the claims of the 302 drivers who would presumably seek the maximum $4,000 penalty ($4,000 x 302 drivers = $1,208,000.00) and calculating the number of pay periods multiplied by the itemized wage statement penalty for each of the remaining 47 drivers (a sum of $105,250.00)[3] that do not met the maximum $4,000 penalty.

  c. <u>Attorney Fees</u>. Attorney fees may also be included in the amount in controversy if an underlying statute authorizes their award. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney fees award may be included in the amount in controversy when an underlying statute authorizes their award). Plaintiff seeks reasonable attorneys' fees in this case. *Class Action Complaint,* ¶¶ 33, 36, 42, *Prayer for Relief,* ¶ 8. In class action cases in California, prevailing plaintiffs have requested, and courts have awarded, attorneys' fees of around 25% of the overall recovery. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (28%); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (25%); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) (25%). Consistent with the cited cases, Plaintiff's counsel sought and obtained an award of 33% of the overall recovery in a wage and hour lawsuit involving the Defendant last year. *See Green v. Penske Logistics, LLC*, No. 09-cv-0069 DMS(CAB) (S.D. Cal. May 28, 2010) (*see* ECF Nos. 22, 28) (granting approval of $165,000 attorney fee payment in a $500,000 settlement in case

---

[3] This calculation is based on a determination from Defendant's database of employment records that the 47 drivers worked 1076 weeks total from February 28, 2010 to April 1, 2011, and that, based on Plaintiff's allegations in the *Class Action Complaint*, they would be entitled to $50 for the first week in which an accurate itemized wage statement was not provided and $100 for every week's pay check that was inaccurate thereafter. *See Class Action Complaint*, ¶ 42.

involving allegations of vacation pay forfeiture, violations of Cal. Lab. Code § 226, Cal. Lab. Code § 203, and Cal. Bus. & Prof. Code §§ 17200-17208). The attorneys' fee award Plaintiff's counsel sought and obtained in the *Green v. Penske Logistics, LLC* case is typical of requests the firm has made in other class action settlements involving wage and hour lawsuits, which courts often grant. *See Watson v. Raytheon Co.*, No. 3:10-cv-00634-LAB-RBB (S.D. Cal. Mar. 7, 2011) (*see* ECF Nos. 26, 31) (court order approving award of $666,666.67 in attorneys' fees on $2,000,000 settlement (33%) of case involving failure to pay overtime, failure to provide meal and rest breaks, failure to provide all wages owed at termination, and failure to provide accurate itemized wage statements); *Cobb v. Gordon Biersch Brewing Co.*, No. 08-cv-0805 W (AJB) (S.D. Cal. Oct. 23, 2009) (*see* ECF Nos. 27, 33) (approving award of $131,250 in attorneys' fees on $525,000 settlement (25%) of case involving claims for, *inter alia*, failure to pay overtime wages, failure to provide meal or rest breaks, failure to provide itemized wage statements, and violations of Cal. Bus. & Prof. Code §§ 17200-17208); *Huang v. SBC Svs.*, No. 3:06-cv-02238-WMC (S.D. Cal. Mar. 18, 2008) (*see* ECF Nos. 26, 33) (approving award of $3,360,000 in attorneys' fees on $11,200,00 settlement (30%) of case involving claims for, *inter alia*, failure to pay overtime, failure to provide meal and rest breaks, and violations of Cal. Bus. & Prof. Code §§ 17200-17208). It is therefore anticipated that Plaintiff's attorneys will seek, at a minimum, 25% of any amounts they recover as awardable attorneys' fees. Thus, if Plaintiff is awarded the $4,973,701.60 amount in controversy in this case,[4] Plaintiff's attorneys are expected to seek at least **$1,243,425.40** in attorneys' fees. When this figure is added to the $4,973,701.60 Plaintiffs seek in connection with other portions of their causes of action, the total amount in controversy is at least **$6,217,127.00**.

---

[4] Plaintiff also seeks injunctive relief under Cal. Bus. & Prof. Code § 17200. *Class Action Complaint*, ¶¶ 34-36, 49-57. The cost of injunctive relief may be considered in calculating the amount in controversy under CAFA. *Yeroushalmi v. Blockbuster Inc.*, No. CV 05-225-AHM, 2005 WL 2083008 (C.D. Cal. July 11, 2005) (Hon. Howard Matz stating that in determining CAFA jurisdiction, "it is proper to consider the cost of injunctive relief").

The amount in controversy therefore exceeds $5,000,000.  Thus, Plaintiff's allegations establish that the amount in controversy in this class action is in excess of 28 U.S.C. § 1332(d)(2)'s $5,000,000 jurisdictional threshold.

6. **Class Action.**  This case is a class action within the meaning of 28 U.S.C. §§ 1332(d)(2) and 1453.  Those statutes provide that a class action is a civil action filed either under Fed. R. Civ. P. 23 or a similar state statute or rule that authorizes one or more representative persons to maintain a class action.  *Id.*  In this case, Plaintiff filed her *Class Action Complaint* in a California state court and accordingly seeks certification under Cal. Code of Civ. P. § 382, which authorizes representative actions.  And as noted above, there are more than 100 persons falling within the class definition set out at ¶ 16 of the *Class Action Complaint*.

7. **Timeliness of Removal.**  Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within 30 days of receiving a copy of the complaint.  Defendant was served a copy of Plaintiff's *Class Action Complaint* on March 17, 2011.  Defendant's notice of removal is timely filed on this date, Monday, April 18, 2011.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Poway Unified School Dist. v. Stewart*, No. 07CV1060 WQH (POR), 2007 WL 3053039, *1 (S.D. Cal. 2007); Fed R. Civ. P. 6 (e).

8. **Notice of Removal to Adverse Parties and to State Court Clerk**.  Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal to Plaintiff and to the Clerk of the Superior Court of San Diego County, California.  Specifically, promptly after filing this Notice of Removal, Defendant shall send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit C*.

9. **No Waiver**.  By filing this Notice of Removal, Defendant does not waive any defenses available to it.

WHEREFORE, Defendant respectfully removes this case to this Court.

Dated:  April 18, 2011

Respectfully submitted,

*/s/ Christopher C. McNatt, Jr.*
Christopher C. McNatt, Jr.,

Attorney for Defendant,
Penske Logistics, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by first-class, U.S. mail, postage prepaid, this 18th day of April, 2011.

Mr. Michael D. Singer
Cohelan Khoury & Singer
605 C Street, Suite 200
San Diego, California 92101

*/s/ Christopher C. McNatt, Jr.*
Christopher C. McNatt Jr.

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Shannon Nangle, on behalf of herself and all others similarly situated

### DEFENDANTS
Penske Logistics, LLC

(b) County of Residence of First Listed Plaintiff: **San Bernardino**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Berks County, PA**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'11CV0807 LAB JMA**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cohelan Khourly Singer, 605 "C" St., #200, San Diego, CA 92101
Telephone: 619-595-3001

Attorneys (If Known)
Scopelitis, Garvin, Light, Hanson & Feary, LLP, 2 N. Lake Ave., # 460, Pasadena, CA 91101 Tel: 626-795-4700

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332(d)(2), 1441, 1446, 1453

Brief description of cause:
Claims for employee-related compensation

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 04/18/2011 | /s/ Christopher C. McNatt, Jr. |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by first-class, U.S. mail, postage prepaid, this 18th day of April, 2011.

Mr. Michael D. Singer
Cohelan Khoury & Singer
605 C Street, Suite 200
San Diego, California 92101

*/s/ Christopher C. McNatt, Jr.*
Christopher C. McNatt Jr.