Exhibit "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PENSKE LOGISTICS, LLC, a Delaware corporation, and DOES 1
through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHANNON NANGLE, on behalf herself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>**37-2011-00086681-CU-OE-CTL** |

Superior Court for the State of California, County of San Diego
Central Division, 330 W. Broadway, San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
COHELAN KHOURY SINGER; Michael D. Singer, Esq., SBN 115301; J. Jason Hill, Esq., SBN 179630
605 C Street, Suite 200, San Diego, California, (619)595-3001

| | | | | |
|---|---|---|---|---|
| DATE: **FEB 2 8 2011**<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | **WYNNIE S. ABELLA** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PENSKE LOGISTICS, LLC, a Delaware Corporation

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* a LIMITED LIABILITY COMPANY
4. ☒ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>—COHELAN KHOURY SINGER<br>J. Jason Hill, Esq., SBN 179630<br>605 "C" Street, Suite 200<br>San Diego, CA 92101-5305<br>TELEPHONE NO.: 619.595.3001   FAX NO.: 619.595.3000<br>ATTORNEY FOR (Name): Plaintiff SHANNON NANGLE | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
Nangle v Penske Logistics, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2011-00086681-CU-OE-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [✓] Substantial amount of documentary evidence
   - d. [✓] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):  Five (5)
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2/28/2011

J. Jason Hill, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1   Timothy D. Cohelan, Esq., SBN 60827
     Michael D. Singer, Esq., SBN 115301
2   J. Jason Hill, Esq., SBN 179630
     **COHELAN KHOURY SINGER**
3   605 "C" Street, Suite 200
     San Diego, CA 92101-5305
4   TEL:  (619) 595-3001
     FAX:  (619) 595-3000

5

6   Attorneys for Plaintiff SHANNON NANGLE
     on behalf of herself and all others similarly situated,

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **IN AND FOR THE COUNTY OF SAN DIEGO**

10   SHANNON NANGLE, on behalf herself and all  )  CASE NO. 37-2011-00086681-CU-OE-CTL
     others similarly situated,                )

11                                   )  **CLASS ACTION COMPLAINT FOR**
                                  )  **DAMAGES, INJUNCTIVE RELIEF, AND**

12                                   )  **RESTITUTION**
                                  )

13            Plaintiffs,              )  1)  Illegal Deduction to Wages - Wage
                                  )  Forfeiture (Cal. Labor Code §§221-222)

14      v.                        )
                                  )  2)  Failure to Pay Overtime Wages

15                                   )  (Cal. Labor Code §1194)
                                  )

16                                   )  3)  Knowing and Intentional Failure to
                                  )  Provide Accurate Itemized Employee Wage

17   PENSKE LOGISTICS, LLC, a Delaware      )  Statements (Lab. Code, §226(b))
     corporation, and DOES 1 through 100, Inclusive,) 

18                                   )  4)  Knowing and Intentional Failure to
                                  )  Timely Pay Wages Due Upon Separation

19         Defendants.             )  from Employment (Cal. Labor Code §203
                                  )

20                                   )  5)  Violations of the Unfair Competition

21                                   )  Law (Bus. & Prof. Code, §§ 17200-17208)
                                  )

22                                   )

23                                   )  **DEMAND FOR JURY TRIAL**
                                  )

24

25

26

27

28

Class Action Complaint

1   Plaintiff SHANNON NANGLE, on behalf of herself and all others similarly situated,

2   complain and allege as follows:

3   I.

4   INTRODUCTION

5   1.      This case arises out an employer's use of an automatic 30-minute meal period

6   deduction for its hourly employees, which results in illegal wage deductions and wage forfeiture

7   for an ascertainable group of hourly employed drivers employed in the State of California. The

8   use of the "auto deduction" not only results in underpayment of wages for all hours actually

9   caused and suffered to work, but also results in the failure to provide accurate itemized wage

10  statements and the failure to timely pay all wages due for employees who separate from their

11  employment with the company. The preceding applies to certain California employees currently

12  employed by, or formerly employed by PENSKE LOGISTICS, LLC, a Delaware Corporation

13  (hereinafter referred to as "PENSKE" or "Defendant") conducting business throughout the State

14  of California.   The proposed Plaintiff Class consists of all California-based current and former

15  employees of Defendant who, within the last 4 years prior to the commencement of this action

16  were (1) hourly paid drivers holding a valid commercial vehicle license; (2) were assigned to

17  Defendant's non-Whirlpool delivery accounts and (3) were subject to Defendant's use of an

18  automatic 30 minute wage deduction policy.

19  2.      During the class period, which is defined as four years prior to the commencement

20  of this action, Defendant implemented a uniform and systematic policy that automatically

21  deducted 30 minutes of work time from the employee's wages for shifts exceeding 6 hours in

22  length. For shifts exceeding 10 hours, Plaintiff is informed and believes, and based thereon

23  alleges, that Defendant automatically deducted an additional 30 minutes of time from the

24  employee's working hours that were otherwise eligible for hourly pay. Ostensibly, Defendant

25  implemented this policy to provide for "meal periods." But in fact, Defendant takes the position

26  that such meal periods are not required under California law, and uses the automatic deduction to

27  engage in wage theft against the Plaintiff and the proposed Plaintiff Class. The result is that

28  employees are docked up to an hour of pay from wages earned. Plaintiff was subjected to this

1  policy and lost wages as a result of it. PENSKE implemented no policy, practice or procedure

2  for Plaintiff or other affected employees to recover automatically deducted time on days during

3  the proposed Class Period, when they were not provided and did not take a continuous 30-

4  minute, duty free and uninterrupted break.

5       3.    Plaintiff, on behalf of herself and all proposed members of the Plaintiff Class,

6  brings this action pursuant California Labor Code Section 221-222, 203, and 226 in order to

7  recover illegally deducted wages that resulted from Defendant's policy. Plaintiff, on behalf of

8  herself and all other proposed members of the Plaintiff Class also brings this action pursuant to

9  Business and Professions Code sections 17200-17208, seeking injunctive relief, restitution, and

10  disgorgement of all benefits Defendant enjoyed from their use of the automatic deduction policy

11  to skim employees of wages earned.

12  II.

13  JURISDICTION AND VENUE

14       4.    The amount in controversy arising from the actions and statutory violations as

15  further described herein is sufficient to implicate the general jurisdiction of the Superior Court in

16  and for the County of San Diego.

17       5.    Based on information and belief, and records maintained pursuant to the

18  California Secretary of State, venue as to each Defendant is proper in this judicial district,

19  pursuant to Code of Civil Procedure section 395, as Defendant is an out of state corporation,

20  conducts business, maintains an office address and operates facilities in the County of San Diego,

21  and has failed to identify any principal place of business with the California Secretary of State,

22  such that venue is proper in any county where the Defendants may be located. Further, based on

23  information and belief, some or all of the alleged harms herein occurred as putative class

24  members are employed in the County of San Diego..

25       6.    On information and belief, the California Superior Court has jurisdiction in this

26  matter because there is no federal question at issue as the issues herein are based solely on

27  California statutes and law including the California Labor Code, Industrial Welfare Commission

28  Wage Orders, Code of Civil Procedure, Rules of Court, and Business and Professions Code.

---

Class Action Complaint             -2-

1   Furthermore, the case is not appropriate for removal under the Class Action Fairness Act

2   ("CAFA") as Plaintiff is informed and believes, and thereupon alleges that the required monetary

3   amount in controversy is not satisfied.  Specifically, Plaintiff alleges that her individual claim

4   does not exceed $74,999.00 and the individual claims of all putative class members are less than

5   the required amount in controversy necessary to invoke federal subject matter jurisdiction under

6   28 U.S.C. Section 1332.  No federal controversy is alleged and, based upon information and

7   belief, the aggregate amount of all class members claim is less than $5,000,000.00.  Plaintiff

8   further alleges that, based on initial investigation, the aggregate $5,000,000.00 damage threshold

9   cannot be established to exist as to the amount in controversy by the Defendant to a legal

10  certainty as required by federal law, and therefore does not implicate jurisdiction under 28 U.S.C.

11  Section 1332(d).  Plaintiff further alleges in the affirmative that this action falls within the

12  mandatory and/or discretionary "local case or controversy" exemption from CAFA jurisdiction as

13  all class members are or were residents of the State of California.

14                                              III.

15                                        THE PARTIES

16  A.    The Plaintiffs

17          7.      Plaintiff SHANNON NANGLE is a resident of the State of California. At all

18  relevant times herein, Plaintiff NANGLE was employed by Defendants as a Driver with a valid

19  commercial drivers' license and was assigned to Non-Whirlpool accounts in and around San

20  Diego County, Orange County and Los Angeles County.   Plaintiff NANGLE was assigned to

21  non-Whirlpool delivery accounts by PENSKE, was paid on an hourly basis and was subject to

22  PENSKE's automatic deduction policy.  Plaintiff NANGLE lost wages for time actually spent

23  working as a result of PENSKE's automatic deduction policy.   Plaintiff NANGLE's work time

24  statements were inaccurate in that the hours worked were deducted by at least 30 minutes per day

25  and were not reinstated by PENSKE.

26  B.    The Defendants

27          8.      Defendant, PENSKE LOGISTICS, LLC, a Delaware Corporation, and any

28  subsidiaries or affiliated companies, are engaged in the ownership and operation of facilities

throughout California. During the liability period, Defendant employed Plaintiffs and similarly situated persons as PENSKE's Non-Exempt Employees within California. On information and belief, PENSKE conducts business in and throughout the State of California, and has business presence in the County of San Diego.

9.     Defendant also operates many subsidiaries or affiliated companies, and is engaged in the ownership and operation of facilities throughout California. During the liability period, Defendant employed Plaintiffs and similarly situated persons as PENSKE's hourly paid non-Whirlpool account drivers within California. On information and belief, Penske is conducting business in and throughout the State of California, and has business presence in the County of San Diego. Plaintiff was assigned to routes in San Diego, and worked without continuous 30 minute break periods, but was subject to the automatic wage deduction in any event.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

11.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## GENERAL ALLEGATIONS

12.     Defendant operates and, at all times during the liability period, has conducted business throughout the State of California for purposes of business inventory management and merchandise delivery system in California. Defendant employs non-exempt hourly employees

1   with commercial driver's license to drive PENSKE's trucks in order to deliver merchandise to

2   contracting third parties such as "BIG LOTS," "MISSION FOODS," "CVS," "LONG'S

3   DRUGS," and other entities.  The proposed Plaintiff Class specifically excludes drivers who

4   were assigned to the Whirlpool appliance delivery and installation account.  The employees are

5   subject to PENSKE's hourly pay rates for all hours actually caused or suffered to work.

6         13.     Upon information and belief, Plaintiff alleges that she and the proposed Plaintiff

7   class were subject to Defendant's systematic use of an "automatic deduction" policy, wherein, all

8   drivers would have a minimum of 30-minutes deducted from reported work time each day so that

9   Defendant could ostensibly claim that it provided "meal periods."   In truth and fact, however,

10  the policy was used to skim and illegally deduct eligible work time from employees and to

11  underpay for the amount of work performed in any given work day.   This practice and policy

12  constituted an illegal scheme to engage in wage forfeiture and granted PENSKE a windfall of

13  productive work time without pay to the affected employees.

14        14.     Plaintiff is informed and believes, and based thereon allege, that Defendants

15  currently employ, and during the relevant time period has employed, over 100  employees in the

16  State of California in commercial driver positions and assigned them to work as hourly

17  employees servicing non-Whirlpool accounts, such as delivery accounts for "BIG LOTS,"

18        15.     During the class period, PENSKE used a computer system to record the Plaintiff

19  Class Members' time. This system automatically deducted 30 minutes from each Plaintiff Class

20  Members work time when calculating hours worked. This deduction occurred without regard to

21  whether or not a 30 minute meal period was taken and constitutes a violation of the California

22  Labor Code, appropriate regulations, and is unfair and deceptive to employees of the Defendant.

23  Additionally, Penske management instructed Plaintiff Class Members to log meal periods even if

24  the Plaintiff Class did not take a meal period.  PENSKE had no policy, procedure or practice to

25  allow for the employees to recovery wages lost due to the automatic deduction policy.

26                                            V.

27                          CLASS ACTION ALLEGATIONS

28        16.     Plaintiff brings this action on behalf of herself and all others similarly situated as a

1   class action pursuant to section 382 of the Code of Civil Procedure. Plaintiff seeks to represent a

2   Class composed of and defined as follows:

3       Plaintiff Class:

5           All of Defendant's current and former California-based drivers,
        specifically excluding drivers assigned to the Defendant's
        Whirlpool Account, who were (1) employed by Defendants at any

6           time four years prior to the filing of this action through the date of
        trial ("Relevant Time Period"); (2) were assigned to Defendants'

7           non-Whirlpool delivery accounts to work on an hourly basis; and
        (4) were subject to Defendants' 30 minute automatic deduction

8           policy.

9       17.    Plaintiff also seeks to bring this action on behalf of herself and all other similarly

10   situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as

11   follows:

12           The Wage Deduction Sub-Class: All Plaintiff Class Members who worked
        without taking a 30 minute duty free meal period but whose hourly wages were

13           automatically deducted by Defendant's "auto–deduction" policy.

14       18.    Plaintiff also seeks to bring this action on behalf of herself and all other similarly

15   situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as

16   follows:

17           The Overtime Subclass: All Plaintiff Class Members who worked hours eligible
        for overtime compensation, but whose overtime pay was unpaid and/or reduced as

18           a result of Defendant's 30-minute "auto–deduction" policy.

19       19.    Plaintiff also seeks to bring this action on behalf of herself and all other similarly

20   situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as

21   follows:

22           The Wage Statement Sub-Class: All Plaintiff Class Members who, as a result of
        Defendant's "auto-deduction" policy, received inaccurate wage statements that

23           understated the actual hours the employee worked.

24       20.    Plaintiff also seeks to bring this action on behalf of herself and all other similarly

25   situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as

26   follows:

27           The Separation Pay Subclass: All Plaintiff Class Members who did not receive all
        wages due within 72-hours of their separation/termination from their employment

28           with Defendant.

21.    Plaintiff also seeks to bring this action on behalf of herself and all other similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as follows:

> The UCL Sub-Class: All Plaintiff Class Members who were subject to the wage deduction policy and who are owed restituion for hours worked without pay.

22.    Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

23.    This action has been brought and may be properly maintained as a class action under the provisions section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.    Numerosity

24.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant currently employs, and during the relevant time periods employed, hundreds of employees in the State of California who were subject to Defendant's auto-deduction policy and suffered wage forfeiture.

25.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiffs allege Defendant's employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable, nor are the individual damages sufficient to meaningfully allow for practical resolution through individualized litigation.

B.    Commonality

26.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

1.    Whether Defendant violated California labor law by subjecting the

Plaintiff and the proposed Plaintiff class to an automatic deduction policy without any mechanism to recover wages for time when no 30-minute break was provided;

2.  Whether Defendant's auto-deduction policy resulted in the non-payment or reduced payment of overtime wages for all overtime hours worked;

3.  Whether Defendant violated California labor law by failing to provide accurate itemized wage statements;

4.  Whether Defendant violated California labor law by failing to pay Plaintiff Class members all timely wages due upon separation from their employment with Defendant.

5.  Whether Plaintiffs and the members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code sections 17200, *et. seq.*

C.  **Typicality**

27.  The claims of the named Plaintiff is typical of the claims of the proposed Plaintiff Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by the Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.  Plaintiff has standing to bring this action and has suffered the harm, damages and lost wages alleged herein during her employment with the Defendant as direct result of the auto-deduction policy.  Plaintiff reasonably estimates that approximately 4 days per week, her hours of work would be automatically deducted for a continuous 30-minutes, when in fact, she was not provided with a 30-minute continuous break period free from employer control.  The result was the underpayment of wages for all hours actually caused or suffered to work, including elimination or diminishment of overtime compensation on qualifying shifts.

D.  **Adequacy of Representation**

28.  Plaintiff will fairly and adequately represent and protect the interests of the

1  members of the Class. Counsel who represent Plaintiffs are competent and experienced in

2  litigating large employment class actions.

3  **E.    Superiority of Class Action**

4       29.    A class action is superior to other available means for the fair and efficient

5  adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

6  questions of law and fact common to the Class predominate over any questions affecting only

7  individual members of the Class.  Each member of the Class has been damaged and is entitled to

8  recovery by reason of Defendant's illegal policy and/or practice of failing to pay all hourly wages

9  due and by engaging in a policy that resulted in wage forfeiture. Class action treatment will allow

10 those similarly situated persons to litigate their claims in the manner that is most efficient and

11 economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are

12 likely to be encountered in the management of this action that would preclude its maintenance as

13 a class action.  Some of the damages for the violations alleged herein are small and amount to

14 just a few hundred dollars for some employees impacted by Defendant's policy and practice.

15 Without the ability to use class action procedure, the Defendant would essentially be immune

16 from engaging in collectively hundreds of thousands of dollars worth of wage skimming with no

17 employee individually having sufficient ability to retain counsel to recover said sums in a manner

18 that is economically viable.

19 **F.    Manageability of Class Action**

20      30.    The nature of this action and the nature of laws available to Plaintiff make use of

21 the class action format a particularly efficient and appropriate procedure to afford relief to

22 Plaintiff for the wrongs alleged herein.   Specifically, the primary claims alleged turn upon

23 Defendant's own uniform, systematic practice of automatically deducting work time of at least

24 30-minutes for affected job positions without any individual scrutiny or review of whether the

25 employees actually took time off from work during their work day for a continuous,

26 uninterrupted and duty free meal period.  Therefore, the propriety of the classification scheme

27 applicable to all employees holding the job titles and positions as described herein is a

28 predominant question of fact that is easily cable of being discovered through manageable devices

1  of common proof such as statistical random sampling, survey evidence based on scientific

2  principles, representative testimony, documentary evidence and common practices/procedures of

3  the Defendant in treating each of the class members as a homogeneous group in the payment of

4  their wages.   Damages, if any, suffered by each member is capable of being shown by several

5  means of common proof and limited by individual showings of entitlement to recovery that can

6  be professionally administered and tailored to the facts and circumstances of the case.

7  **VI.**

8  **CAUSES OF ACTION**

9  **FIRST CAUSE OF ACTION**
**Illegal Wage Deduction Resulting in Wage Forfeiture**

10  **(Labor Code §221-222)**

11        31.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

12        32.     Plaintiff alleges that during her employment with Defendant, she worked as an

13  hourly commercial driver for the Defendant's non-Whirlpool delivery accounts in the State of

14  California. She separated from employment in March 2010.   At all relevant times, Plaintiff

15  maintained a current commercial vehicle license and was assigned delivery routes that were to be

16  paid by Defendant on an hourly wage basis.   During the course of Plaintiff's employment,

17  Defendant had in place a policy, practice and procedure to automatically deduct 30-minutes from

18  total work time recorded from start to finish of Plaintiff's work day. This deduction was taken to

19  ostensibly provide drivers with a 30-minute meal period, but in fact, very few uninterrupted and

20  duty free meal periods were provided, which resulted in a loss of pay – illegally deducted by

21  Defendant from Plaintiff's total hourly work time.  Over the course of her employment, Plaintiff

22  estimates that $100's of dollars were skimmed from her wages as a result of Defendant's auto-

23  deduction policies. Defendants maintained no policy, procedure or recourse for Plaintiff and the

24  proposed Class to recover wages lost by Defendant's policy.

25        33.     As a result of the unlawful acts of Defendant, Plaintiff and the proposed Plaintiff

26  Class have been deprived actually earned but unpaid wages in amounts to be determined at trial,

27  and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs of

28  suit.

Class Action Complaint                                    -10-

### SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
(Labor Code § 1194)

34.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

35.     Plaintiff and members of the Plaintiff Overtime Subclass were eligible for overtime pay on qualifying shifts.  As a result of the Defendant's "auto-deduction" policy, on some shifts where Plaintiff and the proposed subclass were entitled to overtime pay at a rate of 1.5x the regular hourly rate of pay, overtime was eliminated and/or reduced by 30-minutes on days when Plaintiff and the proposed subclass worked without a continuous 30-minute uninterrupted break period.   For example, on a day when Plaintiff would work a shift of 8.5 hours, and not have a 30-minute continuous break period, the extra half hour of overtime eligible pay would not be paid due to Defendant's auto-deduction policy.   Similarly, on days when Plaintiff might work 9 hours without a continuous 30 minute uninterrupted break period, the auto-deduction would be applied to diminish overtime compensation from one hour to only one-half hour pay at 1.5x Plaintiff's hourly rate.  The amount of unpaid and skimmed overtime taken from Plaintiff and the proposed class for work performed for Defendant will be shown  in an amount according to proof.  Pursuant to Labor Code section 1194, the Plaintiff Class members seek the payment of all lost or diminished overtime compensation which they earned and accrued after four (4) years prior to filing of this complaint, according to proof.

36.     Additionally, Plaintiff and Plaintiff Class members are entitled to attorneys' fees, and costs, pursuant to California Labor Code section 1194 and prejudgment interest.

### THIRD CAUSE OF ACTION
### Knowing and Intentional Failure to Comply With Itemized Wage Statement Provisions
(Labor Code §§226(b), 1174, 1175)

37.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

38.     Section 226(a) of the California Labor Code requires Defendant to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and members of the Plaintiff Class.  Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and members of the Plaintiff Class.  Specifically,

1   Defendant knew that on any day that a driver in the proposed Plaintiff class had 30-minutes of

2   work time automatically deducted but did not in fact cease all work functions for 30-minutes in

3   length, that the employee was being illegally subject to a wage deduction for hours caused or

4   suffered to work.  Defendant maintained the policy despite this knowledge and despite having no

5   policy or procedure for the employees to recover time automatically deducted.

6       39.   Section 1174 of the California Labor Code requires Defendants to maintain and

7   preserve, in a centralized location, among other items, records showing the names and addresses

8   of all employees employed, payroll records showing the hours worked daily by and the wages

9   paid to its employees.  Defendant has knowingly and intentionally failed to comply with Labor

10   Code section 1174. Defendant's failure to comply with Labor Code §1174 is unlawful pursuant

11   to Labor Code §1175.

12       40.   IWC Wage Order 7-2001(7) requires Defendant to maintain time records

13   showing, including but not limited to, when the employee begins and ends each work period,

14   meal periods, and total daily hours worked in an itemized wage statements, and must show all

15   deductions from payment of wages, and accurately report total hours worked by Plaintiffs and the

16   members of the proposed class.

17       41.   Defendant, and each of them, unlawfully placed the burden of recording work

18   time and hours on employees in the Plaintiff class, and still subjected the employees to automatic

19   deductions from working hours without justification.

20       42.   As a consequence of Defendant's knowing and intentional failure to comply with

21   Labor Code section 226(a), Plaintiff and Wage Statement Subclass are entitled to actual damages

22   or penalties not to exceed $4000 for each employee pursuant to Labor Code section 226(b),

23   together with interest thereon and attorneys' fees and costs.

24   **FOURTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Due at Termination in Violation of**
25   **California Labor Code § 203**

26       43.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

27       44.   Defendant had a consistent and uniform policy, practice and procedure of

28   willfully failing to lawfully pay the earned and unpaid overtime wages of Defendant's former

1   employees. Labor Code sections 201 and 202 requires Defendant to pay its employees all

2   wages due within 72 hours of termination of employment.  Section 203 of the Labor Code

3   provides that if an employer willfully fails to timely pay such wages the employer must, as a

4   penalty, continue to pay the subject employee's wages until the back wages are paid in full or an

5   action is commenced.  The penalty cannot exceed 30 days of wages.

6       45.    Plaintiff and Members of the Waiting Time Subclass are no longer employed by

7   Defendant.   They were either discharged from or quit Defendant's employment, but were not

8   paid all lawful wages due as a result of Defendant's use of the automatic deduction program.

9       46.    Defendant willfully failed to pay LC203 Subclass Members a sum certain at the

10  time of their termination or within seventy-two (72) hours of their resignation, and failed to pay

11  those sums for thirty (30) days thereafter.  Defendant knew that by using the auto-deduction

12  policy against its hourly employees that it was understating the amount of time worked and

13  wages owed to said employees on any day that 30-minute deduction was levied but for which the

14  employee continued to work.  Defendant knew and has been placed on notice that such events

15  occurred and resulted in an illegal wage forfeiture, yet its policy and practices continue.

16      47.    Defendant's willful failure to pay wages to the LC203 Subclass Members

17  violates Labor Code section 203 because Defendant knew wages were due to the LC203 Subclass

18  Members, but Defendant failed to pay them.

19      48.    Plaintiff and Members of the "Waiting Time" Subclass are entitled to penalties

20  pursuant to Labor Code section 203, in the amount of each class member's daily wage multiplied

21  by thirty (30) days.

22                      **FIFTH CAUSE OF ACTION**
                   **Violations of the Unfair Competition Law**
23                   <u>**(Bus. & Prof. Code, §§ 17200-17208)**</u>

24      49.    Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

25      50.    Defendant's failure to pay for all working hours, as alleged herein, constitute

26  unlawful and deceptive activity prohibited by Business and Professions Code section 17200 *et*

27  *seq.*

28      51.    The actions of Defendant in failing to pay Plaintiffs and members of the Plaintiff

---

Class Action Complaint                        -13-

1   Class in a lawful manner, as alleged herein, constitute false, unfair, fraudulent and deceptive

2   business practices, within the meaning of Business and Professions Code section 17200, *et. seq.*

3       52.     Plaintiff brings this cause individually and as a representative of all others subject

4   to Defendant's unlawful acts and practices.

5       53.     As a result of their unlawful acts, Defendant has reaped and continue to reap

6   unfair benefits at the expense of Plaintiff, and the Class she seeks to represent.  Defendant should

7   be enjoined from this activity, caused to specifically perform its obligations, and made to

8   disgorge these ill-gotten gains and restore to Plaintiff and the members of the Plaintiff Class the

9   wrongfully withheld wages and/or other monies pursuant to Business and Professions Code

10  section 17200 *et seq.*  Plaintiff is informed and believes, and thereon alleges, that Defendant is

11  unjustly enriched through its use of the automatic 30 minute deduction system by not having to

12  pay wages for all time employees spend working.

13      54.     Plaintiff is informed and believe, and thereon allege, that Plaintiff and members

14  of the proposed Plaintiff Class are prejudiced by Defendant's unfair trade practices by having

15  their wages skimmed by at least 30 minutes of work time on days when no 30-minute cessation

16  of work is provided.

17      55.     As a direct and proximate result of the unfair business practices of Defendants,

18  and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are

19  entitled to equitable and injunctive relief, including full restitution, specific performance, and/or

20  disgorgement of all wages which have been unlawfully withheld from Plaintiffs and members of

21  the Plaintiff Class as a result of the business acts and practices herein and enjoining of Defendant

22  to cease and desist from engaging in the practices described herein.

23      56.     The illegal conduct alleged herein is continuing, and there is no indication that

24  Defendant will not continue such activity into the future.  Plaintiffs allege that if Defendant is not

25  enjoined from the conduct set forth in this Complaint, they will continue to fail to provide hourly

26  wages, fail to provide overtime wages for off-the-clock working while clocked out for meal

27  periods, fail to provide meal periods or appropriate compensation in lieu thereof, fail to provide

28  rest periods or appropriate compensation in lieu thereof, and will fail to pay and avoid paying

appropriate taxes, insurance, and unemployment withholdings.

57.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendant from continuing to fail to pay hourly wages, require employees to work off-the-clock while having time automatically deducted for meal periods that are not provided.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That the Court issue an Order that this action may be maintained as a class action and certify the Class and subclasses herein, appointing the named Plaintiff as representative of all others similarly situated, and appointing the law firm representing the named Plaintiff as counsel for the members of the Class and subclasses;

2.     For compensatory damages in an amount according to proof;

3.     For economic damages in an amount according to proof;

4.     For interest accrued to date under the California Labor Code, including under Labor Code § 221;

5.     For costs of suit incurred herein under the California Labor Code, including under Labor Code § 221;

6.     For reasonable attorneys' fees under the California Labor Code, including under Labor Code § 221 and/or other applicable statute;

7.     For unpaid overtime wages that were earned, but not paid in full as a result of an improper deduction of work time, pursuant to Labor Code § 1194.

8.     For attorneys fees pursuant to Labor Code § 1194.

9.     For "waiting time penalties" under California Labor Code § 203;

10.    For damages according to proof, as set forth in California Labor Code § 221;

11.    For an order preliminarily and permanently enjoining Defendants from engaging

1    in the practice challenged herein;

2    12.    For an order that Defendant makes restitution to Plaintiff and the class identified

3         herein due to its unlawful business practice as described herein, including

4         disgorgement of their unlawfully-obtained revenues, earnings, profits,

5         compensation and benefits, pursuant to California Business and Professions Code

6         §§ 17203 and 17204;

7    13.    Based on investigation, information and belief, the damages, back-wages,

8         restitution, penalties, interest and attorneys's fees do not exceed an aggregate of

9         $4,999,999.99 and NANGLE's individual claim does not exceed $74,999.99.

10   14.    For such other and further relief that the Court may deem proper and just.

11                               COHELAN KHOURY & SINGER

12

13   Dated: February 28, 2011          By:_____
14                                         Michael D. Singer, Esq.
15                                         J. Jason Hill, Esq.
                                           Attorneys for Plaintiff, SHANNON
                                           NANGLE and the putative class.
16

17                          DEMAND FOR JURY TRIAL

18

19   Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

20                               COHELAN KHOURY & SINGER

21

22

23   Dated: February 28, 2011          By:_____
                                           Michael D. Singer, Esq.
24                                         J. Jason Hill, Esq.
                                           Attorneys for Plaintiff, SHANNON
25                                         NANGLE and the putative class.

26

27

28

Class Action Complaint                    -16-

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael D. Singer, Esq. (SBN 115301)
COHELAN KHOURY & SINGER
605 C Street, Suite 200, San Diego California 92101

TELEPHONE NO.: 619.595.3001          FAX NO.(Optional): 619.595.3000

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff Shannon Nangle

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PLAINTIFF(S)
Shannon Nangle

DEFENDANT(S)
Penske Logistics, LLC, et al.

IN THE MATTER OF

A MINOR

PEREMPTORY CHALLENGE

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

MAR 04 2011

By: C. REIN, Deputy

JUDGE
Hon. Jeffrey B. Barton

DEPT
C-69

CASE NUMBER
37-2011-00086681-CU-OE-CTL

Michael D. Singer _____, is ☐ a party ☒ an attorney for a party in the above-entitled case and declares that Hon. Jeffrey B. Barton _____, the judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judge.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 3, 2011 _____          _____
                                                                                      Signature

ORDER OF THE COURT

☑ GRANTED - This case is referred to Presiding/Supervising Department for reassignment and a notice will be mailed to counsel.

☐ DENIED
Date: MAR 07 2011 _____          JEFFREY B. BARTON _____
                                                              Judge/Commissioner/Referee of the Superior Court

FOR OFFICE USE ONLY

This case has been reassigned to Judge _____ per Presiding/Supervising Judge _____ on _____.

PEREMPTORY CHALLENGE

SDSC CIV-249 (Rev. 10/10)          Code Civ. Proc. § 170.6

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 West Broadway <br> MAILING ADDRESS:   330 West Broadway <br> CITY AND ZIP CODE:  San Diego, CA 92101 <br> BRANCH NAME:        Central <br> TELEPHONE NUMBER: (619) 450-7061 | |
| PLAINTIFF: Shannon Nangle | |
| DEFENDANT: Penske Logistics LLC | |
| Short Title: Nangle vs. Penske Logistics LLC | |

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER: <br> 37-2011-00086681-CU-OE-CTL |
|---|---|

Filed : 02/28/2011

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge John S. Meyer, in Department C-61

due to the following reason:   170.6

```
┌─────────────────────────┐
│        RECEIVED         │
│     MAR 1 4 2011        │
│  COHELAN KHOURY & SINGER │
└─────────────────────────┘
```

All subsequent documents filed in this case must include the name of the new Judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Central
330 West Broadway
San Diego, CA 92101

SHORT TITLE: Nangle vs. Penske Logistics LLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 37-2011-00086681-CU-OE-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 03/09/2011. The mailing occurred at Sacramento on 03/10/2011.

Clerk of the Court, by: _____ , Deputy
D. Lim

JAMES J HILL
605 C STREET # 200
SAN DIEGO, CA 92101

CLERK'S CERTIFICATE OF SERVICE BY MAIL

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY AND ZIP CODE:  San Diego, CA 92101 | |
| BRANCH NAME:         Central | |
| TELEPHONE NUMBER: (619) 450-7069 | |

| PLAINTIFF(S) / PETITIONER(S):      Shannon Nangle |
|---|

| DEFENDANT(S) / RESPONDENT(S):  Penske Logistics LLC |
|---|

| NANGLE VS. PENSKE LOGISTICS LLC |
|---|

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2011-00086681-CU-OE-CTL |
|---|---|

Judge:  Jeffrey B. Barton                                    Department: C-69

COMPLAINT/PETITION FILED: 02/28/2011

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.)  (SDSC Local Rule 2.1.6)

DEFAULT:  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE:  A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2011-00086681-CU-OE-CTL     CASE TITLE: Nangle vs. Penske Logistics LLC

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money |   resolve the dispute |
| • Gives parties more control over the dispute | • Procedures to learn about the other side's case (discovery), |
|   resolution process and outcome |   jury trial, appeal, and other court protections may be limited |
| • Preserves or improves relationships |   or unavailable |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:          Central | |

| PLAINTIFF(S):   Shannon Nangle |
|---|
| DEFENDANT(S): Penske Logistics LLC |
| SHORT TITLE:    NANGLE VS. PENSKE LOGISTICS LLC |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2011-00086681-CU-OE-CTL |
|---|---|

Judge: Jeffrey B. Barton                                           Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)               ☐ Non-binding private arbitration

☐ Mediation (private)                       ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                  Name of Defendant

_____          _____
Signature                                          Signature

_____          _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____          _____
Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/28/2011                               _____
                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

3

COPY

BY FAX

2011 APR 15  PM 4: 10

1  Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
2  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 460
3  Pasadena, California 91101
    Tel.: (626) 795-4700
4  Fax: (626) 795-4790

5  Attorneys for Defendant
    PENSKE LOGISTICS, LLC
6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **IN AND FOR THE COUNTY OF SAN DIEGO**

10  SHANNON NANGLE,                    )  CASE NO. 37-2011-00086681-CU-OE-CTL
     on behalf of herself and all others )
11  similarly situated,                )
                                        )  **ANSWER AND AFFIRMATIVE**
12                        Plaintiff,    )  **DEFENSES OF DEFENDANT**
                                        )  **PENSKE LOGISTICS, LLC TO**
13          vs.                         )  **PLAINTIFF'S CLASS ACTION**
                                        )  **COMPLAINT**
14  PENSKE LOGISTICS, LLC,             )
     a Delaware corporation, and DOES 1 )  Complaint Filed: February 28, 2011
15  through 100, inclusive,            )  Trial Date: None Set
                                        )  Hon. John S. Meyer
16                        Defendants.   )  Dept. C-61

17

18        Defendant, Penske Logistics, LLC ("Defendant"), by counsel, responds to the Class

19  Action Complaint ("Complaint") filed by Plaintiff, Shannon Nangle, as follows:

20                                      **I.**

21                            **GENERAL DENIAL**

22        Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and

23  specifically denies each and every allegation contained in the Complaint and each purported

24  cause of action therein. Without limiting the generality of the foregoing, Defendant specifically

25  denies that Plaintiff, and/or the class she seeks to represent, is entitled to any of the relief

26  requested; that Defendant violated any statute or other legal requirement pertaining to

27                                      1

28

1  compensation paid to its drivers; that Defendant is guilty of any wrongful conduct or omission;

2  and that any conduct or omissions of Defendant caused any injury or damage to Plaintiff, and/or

3  the class she seeks to represent, in the amount alleged or otherwise.

4  ## II.

5  ## AFFIRMATIVE DEFENSES

6       Pursuant to California Code of Civil Procedure § 431.30(g), Defendant further pleads the

7  following separate and additional defenses to the Complaint, without in any way agreeing or

8  conceding that it has the burden of proof or persuasion of any of these issues or that it is liable

9  for any claims against it:

10      1.     The Complaint should be dismissed because each claim set forth in the Complaint

11  fails to state a claim upon which relief can be granted.

12      2.     The Complaint should be dismissed because Plaintiff has failed to exhaust all

13  administrative remedies available and required to secure the benefits and protections to which

14  she claims to have been entitled pursuant to California law.

15      3.     The Complaint should be dismissed because questions regarding the benefits and

16  protections to which Plaintiff claims to have been entitled, including Plaintiff's entitlement to

17  those benefits, and the amount of any benefits, are within the exclusive and primary jurisdiction

18  of certain California state and/or federal administrative agencies.

19      4.     Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure

20  to mitigate her damages.

21      5.     Some or all of Plaintiff's claims are barred by the doctrine of laches.

22      6.     Some or all of Plaintiff's claims are barred by the doctrine of unclean hands

23  and/or the doctrine of waiver.

24      7.     Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

25      8.     Some or all of Plaintiff's claims are barred because Defendant has paid Plaintiff

26  in full.

27

28

9.    Some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owing and Defendant has not intentionally or willfully failed to pay such additional compensation.

10.   Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

11.   Plaintiff's claims must be dismissed to the extent they relate to work activities performed outside California because the California Labor Code does not apply to work activities performed outside the state.

12.   The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in California Business & Professions Code § 17200.

13.   Plaintiff's claims are barred, in whole or in part, because the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

14.   Plaintiff's claims are barred, in whole or in part, because Defendant's business practices are not and were not "unlawful" in that they complied with all applicable statutes and regulations regarding the payment of wages.

15.   The imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the U.S. Constitution and the California Constitution.

16.   Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

17.   Some or all of Plaintiff's claims are barred because Plaintiff consented to the alleged conduct of Defendant.

18.   Some or all of Plaintiff's claims should be reduced by the doctrine of set off.

3

19.    This action does not meet the requirements for class action treatment, and Plaintiff cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, typicality, adequacy, and superiority.

20.    Plaintiff has been fully compensated for any wages owed, and, by accepting the payments made to her, has effectuated an accord and satisfaction of her claims.

21.    All actions taken by Defendant toward Plaintiff were lawful and not in violation of public policy.

22.    Even assuming for the sake of argument that Defendant violated a statute in the California Labor Code or California Business & Professions Code, or an Industrial Welfare Commission Wage Order, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy.

23.    Defendant has not willfully or intentionally failed to pay any compensation to Plaintiff so as to justify an award of penalties or fees to Plaintiff on that basis.

24.    Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

25.    To the extent Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such a relief because she has an adequate remedy at law.

26.    Some or all of Plaintiff's claims are barred because, at all times, Defendant acted in good faith, did not engage in any unfair business practices, and did not otherwise violate any applicable laws.

27.    California Business & Profession Code § 17200, et seq., is unconstitutional, vague and over broad in the manner in which Plaintiff claims that the statutes apply to Defendant's business practices and thus constitutes a violation of Defendant's rights to due process and equal protection.

///

4

28.  Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

29.  Plaintiff's allegations against unidentified "Doe" defendants must be dismissed because Plaintiff has failed to identify and serve those purported defendants in a timely manner.

30.  Plaintiff has waived her right to some or all of the meal breaks by failing to take breaks provided to her as required by law, by choosing to take breaks that were authorized and permitted, or by waiving the right to take breaks.

31.  Defendant has paid to Plaintiff, on a timely basis and with proper itemization, all wages to which Plaintiff was entitled.

32.  Some or all of Plaintiff's claims for penalties are barred on the ground that a good faith dispute exists as to whether additional compensation is due and owing, thereby precluding a finding that Defendant has intentionally or willfully failed to pay any such additional compensation.

33.  Plaintiff is not entitled to any penalty award under any California Labor Code provision because, at all times relevant hereto, Defendant acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code, the California Business and Professions Code or a California Industrial Wage Order.

34.  Without admitting that Plaintiff has been damaged in any sum whatsoever or at all, Defendant is informed and believes and, based on such information and belief, alleges that, if Plaintiff has suffered any damages as alleged in the Complaint, such damages were proximately caused in whole or in part by Plaintiff's own acts or omissions, and any damages otherwise recoverable by Plaintiff should be reduced in the proportion to which such damages resulted from her own conduct.

///

///

///

5

35.    Plaintiff has failed to state facts sufficient to constitute a claim for waiting time penalties under California Labor Code § 203 to the extent that any person claiming such penalties did not resign or was not discharged prior to the filing of this action or was employed by Defendant at the time this action was filed.

36.    Plaintiff's claims for penalties, including waiting time penalties under California Labor Code § 203, are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202 and 203; (b) Defendant has not intentionally or willfully failed to pay each additional compensation, and (c) to impose penalties in this action would be inequitable and unjust.

37.    The imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.,* 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.,* 54 F.R.D. 412 (S.D.N.Y. 1972).

38.    Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth above against each and every member of the certified class.

39.    Plaintiff's claims are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. CONST. art. I, § 8, cl. 3.

40.    Plaintiff's claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because compliance with California's Labor Code requirements affect Defendant's prices, rates, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

6

1      41.     Defendant will rely on all defenses lawfully available to it at the time of trial and

2 reserves the right to amend its answer and affirmative defenses to include additional defenses

3 after the completion of discovery.

4      WHEREFORE, Defendant requests judgment as follows:

5     A.     That this action not be certified as a class action;

6     B.     That Plaintiff take nothing by way of the Complaint;

7     C.     That judgment be entered against Plaintiff and in favor of Defendant;

8     D.     That Defendant be awarded its attorney fees and costs incurred in this case; and

9     E.     That Defendant be awarded all other necessary and proper relief.

10

11 Dated: April 15, 2011                SCOPELITIS, GARVIN, LIGHT,
                                     HANSON & FEARY, LLP

12

13                          By:

14                                   Christopher C. McNatt, Jr.
                                  Attorney for Defendant

15                                   PENSKE LOGISTICS, LLC

16

17

18

19

20

21

22

23

24

25

26

27                                     7

28

2011 APR 15 PM 4: 10

1   **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My
4   business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

5       On, April 15, 2011, I served the foregoing document described as
6   **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PENSKE LOGISTICS, LLC TO PLAINTIFF'S CLASS ACTION COMPLAINT** on
7   interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9           Mr. Michael D. Singer
        Cohelan Khoury & Singer
10          605 C Street, Suite 200
        San Diego, California 92101

11

12  √   **(BY MAIL)** I deposited such envelope in the mail at Pasadena,
13  California. The envelope was mailed with postage thereon fully prepaid.

14  √   I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be
15  deposited with U.S. postal service on that same day with postage
thereon fully prepaid at Pasadena, California in the ordinary course of
16  business. I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is
17  more than one day after date of deposit for mailing in affidavit.

18  √   **(STATE)** I declare under penalty of perjury under the laws of the State
of California that the above is true and correct.

19  Executed on April 15, 2011 at Pasadena, California.

20

21                            Michelle Lazo

22

23

24

25

26

27

28