UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON NANGLE, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>PENSKE LOGISTICS, LLC, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 11cv807-JLS (BLM)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>[ECF No. 27] |

On October 20, 2011, the Court conducted a conference call with the parties regarding a discovery dispute and issued a briefing schedule. ECF No. 26. On October 24, 2011, pursuant to the Court's Order, Plaintiff filed a Motion to Compel Discovery Regarding Putative Class Member Names and Contact Data ("Pl.'s Mot."). ECF No. 27. On October 31, 2011, Defendant timely opposed the motion ("Def.'s Opp'n"). ECF No. 29. Plaintiff timely filed her reply on November 7, 2011 ("Pl.'s Reply") (ECF No. 32), and the Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1).

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, Plaintiff's motion is **DENIED**.

## **BACKGROUND**

This putative class action arises from Defendant Penske Logistics, LLC's allegedly improper use of an automatic 30-minute meal period deduction for its hourly employees. ECF No. 1, Ex.

A at 5. Plaintiff alleges that Defendant's practice results in illegal wage deductions and wage forfeiture, and she is seeking damages, injunctive relief, and restitution as a result of Defendant's alleged unfair business practices. Id. at 5, 19-20. Defendant generally and specifically denies all the allegations in its answer. Id. at 27-33. Defendant filed a Motion to Transfer Venue (ECF No. 18), as well as a Motion for Judgment on the Pleadings (ECF No. 21), both of which are currently pending.

## LEGAL STANDARD

The scope of discovery is defined by Rule 26(b), which permits litigants to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  In the discovery context, relevant information includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial. Id. Therefore, "[t]he scope of discovery under the Federal Rules is extremely broad," and "[a] relevant matter is 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995)(quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  Trial courts enjoy broad discretion to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

A party may serve interrogatories that relate to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a).  "The grounds for objecting to an interrogatory must be stated with specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b). Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610.  Thereafter, the party opposing discovery has the burden of

showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## **DISCUSSION**

The instant dispute arises from the Special Interrogatories Plaintiff propounded to Defendant on August 10, 2011, in which Plaintiff asked Defendant to provide the name, address, phone number, and email address of every formerly-employed and currently-employed putative class member. Pl.'s Mot., Ex. A. Defendant objected to producing such information on relevance and privacy grounds, because the case had not been certified as a class action, and because Defendant's Motion for Judgment on the Pleadings had not yet been resolved. Pl.'s Mot., Ex. C.

Plaintiff argues that she is entitled to this putative class contact information and any privacy concerns will be safeguarded through an appropriate opt-out notice. Pl.'s Mot. at 3-8. Plaintiff also contends that this putative class contact information is necessary to prepare for class certification. Pl.'s Reply at 2-6. Defendant counters that the Court should not compel production of the requested information because Plaintiff has failed to establish a *prima facie* case for class relief, which is a prerequisite to permitting this type of discovery. Def.'s Opp'n at 2-8. Moreover, Defendant contends that Plaintiff's request is premature because Defendant's Motion for Judgment on the Pleadings has not yet been decided. Id.

The Ninth Circuit has explained that "[d]istrict courts have broad discretion to control the class certification process, and 'whether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (quoting Kamm v. Cal. City Dev. Co., 509 F.2d 205, 209 (9th Cir. 1975)). Notably, a court does not abuse its discretion if it decides to require a *prima facie* showing that class treatment is appropriate before allowing discovery pertaining to class certification. See Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985); Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1312 (9th Cir. 1977). Here, the Court finds it appropriate to prohibit Plaintiff's requested pre-certification discovery for several reasons. As an initial matter, Defendant's Motion to Transfer Venue (ECF No. 18) and, more importantly, Defendant's Motion for Judgment on the Pleadings

(ECF No. 21), are currently pending.  Depending on how these motions are resolved, Plaintiff's motion to compel may be rendered moot.  Additionally, the Court recently continued the hearing date on Defendant's Motion for Judgment on the Pleadings (ECF No. 34) at *Plaintiff's* behest (ECF No. 31).  Finally, the Court has not yet set a deadline by which Plaintiff must file her motion for class certification.  Therefore, even if the requested pre-certification discovery is necessary for class certification purposes, as Plaintiff claims it is, no exigency warrants granting Plaintiff's Motion to Compel prior to the resolution of Defendant's potentially dispositive Motion for Judgment on the Pleadings.  For all these reasons, the Court finds that the type of pre-certification discovery Plaintiff presently seeks to compel is neither necessary nor appropriate at this time.  Plaintiff's Motion to Compel is **DENIED**.  If Defendant's Motion for Judgment on the Pleadings is denied, Plaintiff may renew her motion to compel pre-certification discovery.

**IT IS SO ORDERED.**

DATED:  November 16, 2011

BARBARA L. MAJOR
United States Magistrate Judge